UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GREGORY C. KAPORDELIS** | : | **DOCKET NO. 2:19-cv-0275** |
| **REG. # 63122-053** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **P. MYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc.1] by pro se petitioner Gregory C. Kapordelis. Kapordelis is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). The government filed a response in opposition [doc. 11], and Kapordelis has filed a reply [docs. 13].

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

The record provided by Kapordelis shows that the disciplinary conviction at issue arose from an incident report filed on August 9, 2018, and related to events that occurred that morning at FCIO. Doc. 1, att. 2, p. 13. Incident Report No. 3156422 was completed by Nurse Autin. It stated that Kapordelis presented at medical stating that he broke his CPAP nasal mask, which is

valued at $200. *Id*. Nurse Autin informed him he was out of bounds and that this was an ongoing issue with his CPAP mask. *Id*. He continued to linger until lunch. He returned at 1:00 p.m., telling the nurse that he was told to see her about his CPAP mask. *Id*. After being reprimanded for being out of bounds again, the Operation Lieutenant was notified. *Id*. Kapordelis continued to rant that the nurse had him confused with another inmate and, despite being given three direct verbal orders to be silent, he refused. *Id*.

The matter was referred to the Disciplinary Hearing Officer ("DHO") for a hearing, which took place on October August 27, 2018, on charges of being in an unauthorized area, destruction/altering of property in excess of $100, and refusing to obey an order. *Id.* at 10-12. Kapordelis received the incident report at least 24 hours prior to the DHO hearing, as is required under Program Statement 5270.09. *See* Doc. 11, att. 1, p. 3, ¶ 9.

According to the DHO hearing report, Kapordelis requested and received a staff representative. *Id.* at 10. He did not submit any documentary evidence but did call H. Howard, J. Jones and Dr. Russell as witnesses. *Id*. Petitioner's statement was summarized as follows:

> When my machine broke after 12 years, never had a broken mask. This is the first time I go (sic) a CPAP. I was having a coughing fit in the morning. It just snapped when I took it off. Frist (sic) mask I ever broke. On July 25, 2018, I was not issued a replacement mask. On July 25, 2018, they claimed they gave me a new mask. Staff said I can't find the blue cushion things. She entered in the computer, then she said she had another box. She never gave me a mask on July 25th. I only had one mask there is no reason for deliberated destruction. I spoke with Mrs. Howard at mainline, she told me I need to go see someone, I can't be refused a mask. I told Mrs. Jones I broke my mask and I needed to see Mrs. Autin.

*Id.*

Mrs. Howard provided an email stating:

> Inmate Kapordelis approached me at mainline about this CPAP mask. I did tell him that he shouldn't be going to Autin about his mask. But he failed to

> tell me the entire story. Autin had already wrote the IR so my conversation with him had nothing to do with this.

*Id.*; *see also* Doc. 11, att. 2, pp. 28-29.

    Mrs. Jones provided an email stating:

> Inmate Kapordelis stopped me in the health services lobby and asked if he could speak to Ms. Autin about a 'very important matter, if it wasn't urgent I wouldn't be up here.'" I told him to hang on while I spoke to Ms. Autin. I passed the information on to Ms. Autin who told me that she could not see him at the moment and maybe not even later today. I then told Mr. Kapordelis that she couldn't see him at this time, and that he was more than welcome to sit here to see if she calls on him later in the day, but it didn't look hopeful for him. That concluded my interaction with Mr. Kapordelis.

*Id.*; see also Doc. 11, att. 2, pp. 26-27.

    In an email regarding the destruction of the mask, Dr. Russell, inmate medical doctor, stated, "I would have to see it first, some of these are made of hard plastic. Most of them you can set (sic) on, and not break them. In general use, unless it's an old mask, or unless it did not fit their face, it would have to be intentional for it to break." Doc. 11, att. 2, p. 30. Petitioner claims that this statement was not actually made by Dr. Russell. However, he provides no support for this allegation.

    The DHO noted Kapordelis' arguments and defense to the charges but found that the CPAP Supply USA Representative's statement that "it is far from common for the mask to just break unless its user error," coupled with Dr. Russell's statement, above, supported a finding that he committed the prohibited act of destroying, altering, damaging government property, as charged[1]. Doc. 1, att. 2, p. 12. Accordingly, he sentenced Kapordelis to deprivation of 27 days of good conduct time. *Id.*

---

[1] The DHO dismissed the charges of Being in an Unauthorized Area and Refusing an Order of Staff member, due to the statement provided by his requested witness, Mrs. Jones, stating that she gave him permission to wait. Doc. 1, att. 2, p. 11.

Kapordelis exhausted his administrative remedies through the BOP. Doc. 11, att. 1, p. 3, ¶ 8. He now brings the instant petition for writ of habeas corpus, seeking expungement of an incident report, restoration of earned good time credit lost through disciplinary proceedings relating to that report, and transfer to a facility closer to family home in Tampa, Florida. Doc. 1, p. 8.

## II.
## LAW & ANALYSIS

### A.  28 U.S.C. § 2241

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Petitioner does not dispute that he was given adequate notice of the alleged violation or an opportunity to persuade an impartial decision maker that he did not commit the prohibited conduct. Moreover, Petitioner does not deny that his CPAP mask broke while in his possession. Rather, he states in his defense that he did not break it intentionally. Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable impartial adjudicator could rely to find that petitioner committed prohibited act of destroying government property, as outlined by Code 218, Destroying, Altering, or Damaging Government Property in Excess of $100. *See Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985). A reviewing court should limit itself to this determination and should not "examin[e] the entire record, independent[ly] assess[] the credibility of witnesses, or weigh[] the evidence." *Id.* As long as there is "any evidence in the record that could support the conclusion reached by the disciplinary board," the court's job is at an end.

In addition to the evidence presented at the DHO hearing, which included the incident report, staff statements and memoranda, and Petitioner's statements, set forth above, the South Central Regional Office's October 24, 2018, response to Petitioner's administrative remedy further substantiates that Petitioner's due process rights were not violated. The response states, in part, as follows:

> You claim you accidentally broke the mask during a coughing and sneezing fit, and there was no evidence you deliberately or recklessly broke the mask. Other than your statement it is so, you provide no evidence to substantiate your claim the damage resulted from coughing or sneezing… In Section V of the DHO report, the DHO detailed the evidence relied upon to conclude you committed the prohibited act, which included the written account of the reporting staff member, the written statements of your witnesses, and a statement provided to staff by a representative of the mask manufacturer. The DHO relied on sufficient evidence in reaching this conclusion. Your disagreement with the DHO's interpretation of the evidence does not warrant overturning the DHO's decision. The sanctions imposed are within

>   policy and commensurate with the finding you committed the prohibited act
>   in the High Severity Category.

Doc. 11, att. 2, p. 61.

Accordingly, it cannot be said there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Accordingly, petitioner fails to show a right to federal habeas relief.

### B. *Transfer*

Finally, petitioner requests a transfer to a facility closer to home.

A prisoner has no constitutionally protected interest in a particular facility or a specific work assignment. *Olim v Wakinekona*, 103 S. Ct. 1741, 1745 (1983); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988) (The BOP had no duty to transfer an inmate to a prison closer to his wife's residence.); 18 U.S.C. § 3621(b) (vesting the BOP with the discretion to determine an inmate's place of imprisonment). Plaintiff has no right to determine where he will serve his sentence. Accordingly, petitioner is not entitled to this relief sought.

## III.
### Conclusion

For the reasons stated above, Kapordlis' petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the claim relating to notice of the charges be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of August, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE