# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **GREGORY C. KAPORDELIS** <br> **REG. #63122-053** | **CASE NO. 2:19-CV-00275** <br> **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P. MYERS** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Report and Recommendation [doc. 16] filed by Magistrate Judge Kathleen Kay on a Petition for Writ of Habeas Corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Gregory C. Kapordelis. Kapordelis is an inmate in the custody of the Bureau of Prisons presently lodged at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). He objects to the magistrate judge's report and recommendation, and the respondent has filed a response to the objections. Docs. 17, 18.

This matter is a challenge to disciplinary sanctions imposed on Kapordelis at FCIO after a hearing before a Disciplinary Hearing Officer ("DHO"), where Kapordelis faced multiple disciplinary charges for his alleged destruction of a CPAP mask and attempts to protest his innocence at Health Services. After reviewing the evidence, the DHO found that Kapordelis had committed the destruction of property offense and sentenced him to deprivation of 27 days of good conduct time. Kapordelis exhausted his administrative remedies and then filed the instant petition, seeking expungement of the incident report,

restoration of the good conduct time, and transfer to another facility, based on allegations that he was deprived of due process through the DHO proceedings. Doc. 1.

Upon review of the Report and Recommendation, the undersigned determines that the findings of fact and conclusions of law are correct. In prison disciplinary hearings where a loss of good time credit is implicated, due process typically requires notice, an opportunity to call witnesses and present evidence, and that "some evidence" supports the ruling. *Wolff v. McDonnell*, 418 U.S. 539, 556–57 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). The "some evidence" standard is met if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985). Accordingly, the court is not required to examine the record, make independent assessment of the credibility of witnesses, or weigh the evidence. *Id.* at 455–56.

In his objections Kapordelis maintains that there was insufficient evidence to support the DHO's finding that he had deliberately damaged his mask. As he notes, the DHO cited statements from a CPAP Supply USA representative that it was "far from common for the mask to just break unless it is user error" and the inmate medical physician, Dr. Russell, on the low likelihood that the mask could break without intentional destruction. Doc. 1, att. 2, p. 12; *see* doc. 11, att. 2, p. 30 (Russell email). Kapordelis maintains that Russell did not actually make this statement and complains that the magistrate judge cited it as part of the "some evidence" standard even though the government did not answer his argument in its response. Doc. 17, pp. 4–5. The government is not required to respond to every argument raised by a petitioner, and Kapordelis has

shown no basis for discrediting the DHO's reliance on Russell's statement. Kapordelis also complains that it is unclear whether the DHO found/was required to find that he intentionally broke the mask, or merely that the mask broke while in his possession. The DHO's findings clearly point to a finding of intentional damage, as she repeatedly cited Russell's statement that the mask generally would not break without an "intentional" act. Finally, Kapordelis offers alternate theories on the mask's breakage. These arguments do not show that there was inadequate evidence to support the DHO's findings or that Kapordelis was deprived of the opportunity to present such claims at his hearing. The fact that the mask broke in Kapordelis's possession, and the two statements reflecting that this ordinarily would not occur on accident, were sufficient to support the disciplinary conviction under the "some evidence" standard described above. Accordingly, Kapordelis shows no basis for rejecting the Magistrate Judge's Report and Recommendation.

**THUS DONE** in Chambers on this 18th day of September, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**