## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **GREGORY C. KAPORDELIS #63122-053** | **CASE NO.  2:19-CV-00275 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P. MYERS** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for Relief from Judgment [doc. 27] filed by petitioner Gregory C. Kapordelis, who is an inmate in the custody of the Bureau of Prisons. The government opposes the motion. Doc. 30. Kapordelis seeks relief under Federal Rule of Civil Procedure 60(b) of this court's judgment denying his petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he sought to reverse a prison disciplinary conviction that resulted in his loss of good conduct time. *See* doc. 20. Kapordelis has also appealed the court's judgment to the United States Fifth Circuit Court of Appeals. Doc. 25.

Kapordelis was convicted of destroying, altering, or damaging government property in excess of $100, after a CPAP mask in his possession (valued at $200) was damaged. Doc. 1, att. 2, pp. 10–12. Kapordelis first challenged the conviction on the grounds that there was no evidence he intentionally broke the mask. He now disputes the fit of the charge based on his belief that the broken piece of his mask did not amount to more than $100 in damage.

To this end Kapordelis relies on a diagram of the mask, which does not contain any pricing specifications, and a sworn declaration purportedly authored by corrections officer

Brian Deville. Doc. 27, atts. 1 & 2. In the latter, the declarant opines that the damage appeared to be "a cheap piece of plastic that could only cost about five or ten dollars to replace." Doc. 27, att. 1. In response, however, the government produces a subsequent sworn declaration. Doc. 30, att. 2. There Deville denies any personal knowledge of the damage and further maintains that he never signed Kapordelis's declaration or gave Kapordelis permission to sign his name. Doc. 30, att. 2.

The filing of a notice of appeal generally divests the district court of jurisdiction over aspects of the case involved in the appeal. *E.g.*, *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 997–98 (5th Cir. 1988). As the government notes, the district court has limited power to consider a Rule 60(b) motion filed after a notice of appeal. *Travelers Ins. Co. v. Liljeberg Enterps., Inc.*, 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994) (citing *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984)). The court may only grant such a motion, however, with leave from the circuit court. *Id.*

Rule 60(b) allows the district court to grant relief from a final judgment on certain enumerated grounds, including fraud, mistake, or newly discovered evidence. The purpose of the rule "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). Kapordelis's motion appears to arise under Rule 60(b)(3), which applies where the adverse party engaged in fraud or other misconduct, or Rule 60(b)(6), based on "extraordinary circumstances" justifying relief. In both instances, the moving party bears the burden of showing grounds for setting aside the judgment. *Id.* at 641–43.

Here Kapordelis fails to show circumstances justifying the extraordinary relief he seeks. Kapordelis was charged with damaging government property worth more than $100, not inflicting damage quantified at more than $100. Even if he could show that his interpretation of the rule is correct and that the Deville declaration is authentic, there is no basis for substituting Deville's judgment on the nature of damage, cost, or availability of replacement parts for that of the disciplinary hearing officer. Kapordelis may assert these arguments on appeal with his continuing objections to the sufficiency of evidence in his case. Accordingly, the motion [doc. 27] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 20th day of April, 2020.

_[signature]_
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**